Electronically Filed - Jackson - Kansas City - September 14, 2020 - 05:53 PM

CAUSE NO. _____

| | | |
|---|---|---|
| VANESSA COONCE, | § | IN THE CIRCUIT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | JACKSON COUNTY, MISSOURI |
| | § | |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Vanessa Coonce (hereinafter "Plaintiff"), by and through her attorney of record, Scott G. Hunziker, and files this action for damages caused by State Farm Fire and Casualty Company (hereinafter "Defendant") for breach of contract. In addition, Plaintiff seeks statutory damages along with attorney's fees resulting from Defendant's vexatious refusal to pay Plaintiff's claim under §375.296 R.S.Mo. In support of this action, Plaintiff pleads as follows:

### JURISDICTION AND VENUE

1.     Plaintiff is an individual that owns the property at issue, which is located within Jackson County, Missouri.

2.     Defendant is a foreign authorized insurance company with a Principal Office Address One State Farm Plaza, Bloomington IL 61710-1. Defendant is engaged in the business selling insurance policies and of adjusting insurance claims, including Plaintiff's insurance policy in the State of Missouri. This includes the policy that Defendant sold to Plaintiff, which is at issue in the present case. Defendant may be served with Citation and a copy of this Original Complaint,

1

by serving the Registered Agent, CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101, or in any other manner consistent with Missouri law.

3.     All or substantially all of the events giving rise to Plaintiff's causes of action occurred in Jackson County, Missouri.

4.     Moreover, Plaintiff's claims involve an action in contract. Jurisdiction and venue are therefore also proper under Rule 508.010(6) R.S.Mo.

## COUNT 1
## BREACH OF CONTRACT

5.     Plaintiff incorporates paragraphs 1 – 4 as if fully incorporated below.

6.     Plaintiff owns the property at issue (hereinafter the "Property"), which is located at 1012 SE Wingate Ct., Lees Summit, MO 64081-3073.

7.     Defendant is an insurance provider selling insurance policies and related coverage within the state of Missouri.

8.     Defendant sells such policies through its authorized agents.

9.     Plaintiff purchased a policy of insurance from Defendant (hereinafter the "Policy"), which was in effect when the underlying covered event occurred.

10.     The Policy promised to insure Plaintiff against damage to the property caused by certain weather-related events.

11.     Pursuant to her obligation as a policyholder, Plaintiff made complete payments of all related insurance premiums in a timely fashion. Moreover, the covered damage occurred during the time period in question.

12.     Despite Plaintiff's efforts, Defendant has failed to pay for the damage sustained, in accordance with Defendant's representations under the Policy. Moreover, Plaintiff has complied fully with her duty to cooperate.

2

13. Plaintiff's damage was not caused by the acts or omissions of Plaintiff.

14. Plaintiffs' damage and its cause are of the kind specifically covered in Plaintiff's policy.

15. Plaintiff's damage occurred during the applicable policy period.

16. Plaintiff's written demand for settlement was propounded on Defendant, pursuant to the contract and §375.296 R.S.Mo.

17. Repair estimates and related damages to the property exceeds $100,000.

18. The value of the Property has also diminished by an amount to be determined by a jury.

19. Plaintiff has incurred, and continues to incur, substantial attorney's fees in this matter.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor on Count I, that it award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## COUNT II
## VEXATIOUS REFUSAL

20. Plaintiff incorporates paragraphs 1 – 19 as is fully incorporated below.

21. Defendant has an ongoing contractual duty to Plaintiff to investigate and settle Plaintiff's claim in a timely fashion.

22. Defendant also has a statutory duty to investigate and settle Plaintiff's claim.

23. Plaintiff has made good faith demand for settlement pursuant to the subject insurance contract and §375.296, and has further provided all necessary documents requested by Defendant.

24. Defendant has failed to properly investigate and settle Plaintiff's claim.

3

Electronically Filed - Jackson - Kansas City - September 14, 2020 - 05:53 PM

25.     Defendant has long known of all of Plaintiff's damages regarding the present claim, but has improperly investigated and evaluated same, failing to pay the total sum owed.

26.     Plaintiff has incurred additional economic damages and attorney's fees as a result of Defendant's vexatious refusal.

27.     Plaintiff seeks recoupment of interest as well as its attorney's fees in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff on Count II, that it award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## CONCLUSION

Plaintiff prays that judgment be entered against Defendant, that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, penalty damages, reasonable and necessary attorney fees, court costs, and for all such other further relief, whether pled or unpled within this Original Complaint.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES**

Respectfully submitted,

Scott G. Hunziker
Missouri Bar No. 50400
Zerbe, Miller, Fingeret, Frank & Jadav
3009 Post Oak Blvd., Suite 1700
Houston, TX   77056
Telephone: (713) 350-3523
Facsimile: (713) 350-3607
shunziker@ZMFLaw.com

**ATTORNEY FOR PLAINTIFF**

4